# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WESTLEY RETZLER,** *et al.,* : | |
|     **Plaintiffs,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 19-CV-4890** |
| : | |
| **FRANCIS X. PHILLIPS,** *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM

**SCHILLER, J.**                                                                                **DECEMBER 10, 2019**

In a prior Memorandum and Order entered in Civil Action 19-1800 on October 18, 2019, the Court directed the Clerk of Court to open a new civil action naming Westley Retzler and Laura Warden as the Plaintiffs and Francis X. Phillips as the Defendant to permit Retzler and Warden to proceed in their civil rights claim related to the allegedly inaccurate crediting of their sewer bill payments by Phillips, who was identified as the Bristol Township Finance Director. Retzler and Warden were granted leave to file an amended complaint in the newly opened matter if they chose to do so. However, Retzler and Warden were placed on notice that any new pleading must be limited to claims involving sewer bills, not include any claim previously dismissed or permitted to be served in Civil Action 19-1800, and follow the guidelines the Court previously set forth for Retzler and Warden to use in drafting amended pleadings.

Retzler and Warden filed an amended complaint on November 15, 2019.[1] They seek to add as Defendants Bristol Township, the Bristol Township Sewer Department, elected and

---

[1] Retzler and Warden marked the pleading with the civil action number of the newly opened case and their previously filed case. They labeled the pleading a "Third Amended Complaint" because the pending version of their pleading in the earlier case is a Second Amended Complaint. By Order entered on November 22, 2019, the Court ordered the pleading stricken

appointed officials of Bristol Township, and several lawyers.[2]  Similar to other pleadings they have filed, Retzler and Warden make broad, conclusory allegations containing legalisms but few factual averments.  Also, in many instances, they do not differentiate among Defendants; they do not specifically identify which Defendant was involved in many of the acts they allege, other than to refer to them by the number they assign to each Defendant in a list they have created; and they make allegations about activities outside of the limitations period applicable to this case.  For the following reasons, the amended complaint is dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **FACTUAL ALLEGATIONS**

Eliminating conclusory statements and legalisms,[3] Retzler's and Warden's allegations all concern the failure by certain Bristol Township officials to properly credit payments they claim they made for their sewer bill.  (ECF No. 4 at 10.)  They assert that their civil rights were violated due to the improper crediting, which caused them to incur late fees, penalties, and interest, and suffer emotional distress.  (*Id.*)  They further allege that they filed a federal

---

from the docket in Civil Action 19-1800 since it related to the severed sewer bill claims.  For purposes of this decision, the Court will refer to the pleading as a Third Amended Complaint ("TAC").

[2] Unless otherwise specifically noted, Defendants Adam Flager, Randall Flager, Portnoff Law Associates, Michelle Portnoff, Robert P. Daday, Diane M. Boehret, James R. Wood, Michael S. Levin, Flager Associates and Russel P. Sacco are referred to collectively as "the Attorney Defendants."  Also named as Defendants are "John Doe #1" and John Doe #2."  However, there are no allegations concerning unknown or unidentified individuals.  Accordingly, the two John Does will be dismissed as Defendants.

[3] The Court need not credit a complaint's "'bald assertions'" or "'legal conclusions.'"  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

bankruptcy petition[4] in December 2017, but Defendants Bristol Township, Francis K. Phillips, William McCauley III, Portnoff Law Associates, and attorneys Robert Daday, Adam Flager and Randall C. Flager, ignored their petition and attempted to "maximize the outstanding billing attorney fees and late fees. . ." (*Id.* at 11, 15.) They allege that payments made on September 16, 2016, January 3, 2017, January 5, 2017, March 29, 2018, June 29, 2018, September 28, 2018, December 26, 2018, March 29, 2019, June 28, 2019, and September 30, 2019 were not properly credited. (*Id.* at 12-15.)

Retzler and Warden assert claims against all Defendants — other than two John Does — of extortion (*id.* at 16), theft by deception (*id.* at 17), and conspiracy to commit extortion and theft (*id.* at 17-18). They allege the Defendant members of the Bristol Township Council followed the advice of their solicitor, Defendant Randall Flager, and directed Defendant Portnoff Law Associates and Attorney Robert P. Daday to commence a sheriff's sale in December 2017 of the Retzler/Warden property, even though a federal bankruptcy petition had been filed around that same time. (*Id.* at 18.) However, they also allege that a Bucks County judge, following a motion filed by the above attorneys, issued orders postponing the sheriff's sale, and entered an additional order on October 11, 2019 postponing the sale through February 14, 2020. (*Id.* at 19-20.)

## II. STANDARD OF REVIEW

Because the Court has granted Retzler and Warden leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the TAC and dismiss it if, among other

---

[4] The Court notes that the still pending Chapter 13 bankruptcy petition referenced in the TAC was filed on December 6, 2017 only by Westley Retzler, not by both Plaintiffs. Public records reflect that a Chapter 7 bankruptcy petition was filed by Warden jointly with Retzler on May 19, 2003, and a discharge was granted with no distribution to creditors on September 2, 2004. *In re Retzler*, 03-17777 (E.D. Pa. Bankr.).

3

things, it fails to state claims upon which relief may be granted. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant

on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Bristol Township Sewer Department and Bristol Township

The Bristol Township Sewer Department was dismissed as a Defendant in Civil Action 19-1800 because, as the Court explained to Retzler and Warden, subunits of the local governments are not proper parties to a § 1983 action, but rather are merely vehicles through which the municipality fulfills its functions. *See* Civ. A. No. 19-1800, ECF No. 4 at 8 (citing *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); *Korf v. Feldenkreis*, Civ. A. No. 98-2519, 1999 WL 124388 *11 n. 5 (E.D. Pa. Feb. 8, 1999)). Thus, while a municipality may be liable under § 1983, subunits of the municipality, may not. *Id.*; *Martin v.*

5

*Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Nonetheless, Retzler and Warden have again named the Bristol Township Sewer Department as a Defendant in the TAC. Because it is not a proper defendant in this case under § 1983, it is again dismissed.

As the Court also previously explained to Retzler and Warden, to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his or her constitutional rights. *See* Civ. A. No. 19-1800, ECF No. 4 at 6-7 (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the Defendant "had knowledge of similar unlawful conduct in the past, failed

6

to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Retzler and Warden have not alleged that a policy or custom of Bristol Township caused the violation of their constitutional rights. They have also failed to state a plausible basis for a "failure to train" claim. Merely reciting the allegedly unconstitutional acts that municipal employees committed is insufficient to create *Monell* liability. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Benhaim v. Borough of Highland Park*, Civ. A. No. 11-2502, 2015 WL 105794, at *7 (D.N.J. Jan. 6, 2015) (noting that liability does not "arise on the tautological grounds that the injury in question would not have occurred if officers had been trained to avoid that particular injury; such a claim 'could be made about almost any encounter resulting in injury.'" (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)). The Court finds that the failure of Retzler and Warden to assert any *Monell* allegations renders their claim against Bristol Township implausible. Having previously explained these requirements to Retzler and Warden and

permitted them leave to amend their pleading, the Court finds that further opportunities to amend would be futile.

>    B.    The "Must Approve" and "Number" Claims Against Defendants McCauley and Members of the Bristol Township Council

Retzler and Warden allege that Bristol Township Manager William McCauley III "must approve of the actions of [the] finance director [Defendant Francis X. Phillips] and also Township Council must approve of the action before it is taken." (ECF No. 4 at 1.) In addition to that allegation, many of the paragraphs of the amended pleading reference McCauley and the Council Members by the "number" assigned to them by Retzler and Warden in their caption, but do not mentioned them by name nor identify them as having taken any specific act in those paragraphs.

To the extent that Defendants McCauley and those Defendants identified as members of the Bristol Township Council — Patrick Antonello, Craig Bowen, Cynthia Murphy, Joseph Glasson, John Monahan, Raymond Blalock and Maryanne Wagner — are intended to be named as Defendants merely by Retzler's and Warden's listing them by a number in paragraphs in which they are not mentioned by name nor specifically described as having personally undertaken any act that violated Retzler's and Warden's civil rights, those paragraphs of the amended complaint fail to state plausible claims under 28 U.S.C. § 1915(e)(2)(B)(ii).[5] In

---

[5] For this same reason, claims apparently asserted against other Defendants by listing them by their "number" in paragraphs where they are not otherwise described are also dismissed pursuant to § 1915(e)(2)(B)(ii) and Rule 8 since they are not identified by name — or any other information other than the number — that would permit the Defendants and the Court to understand the basis for any claim against them. Because the Court has previously explained to Retzler and Warden the requirements of Rule 8 and granted them the opportunity to amend both this civil action and the civil action from which the current claims were severed, and because they have again failed to allege information about how individual Defendants were involved in the conduct they describe, all claims not otherwise permitted by the Court to proceed against specific Defendants are dismissed with prejudice and further amendment will be not permitted.

addition, other than the wholly speculative and conclusory allegation that they "must have" approved of the actions of other Defendants and, thus, engaged in a conspiracy with others, the only substantive allegations against Defendants Craig Bowen, Patrick Antonello, Cynthia Murphy, Joseph Glasson, and Howard Allen is that they serve as members of the Bristol Township Council. The mere membership on an elected council, with no other substantive allegation of any unconstitutional act, is insufficient to state plausible claims against the Council Member Defendants under § 1983. *DeRitis v. McGarrigle*, Civ. A. No. 13-6212, 2014 WL 2892419, at *4 (E.D. Pa. June 25, 2014) ("[I]mputing knowledge and liability to all members of a municipal council is contrary to the established law of § 1983 claims that only those personally involved in the deprivation of constitutional rights can be held liable." (citations omitted)). The equally speculative and conclusory claim that McCauley "must have" approved the mis-crediting of the payments, without any allegation that he personally did so or directed others to do so, also fails to state a plausible claim.

To the extent that McCauley and the Council Members are sued because they hold supervisory roles in the Bristol Township government, the claim is also not plausible. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she

9

participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

As just stated, there are no allegations that McCauley and the Council members personally acted to mis-credit the payments; Retzler and Warden only speculate that they "must have" approved the acts of others. There is also no allegation that they acted with deliberate indifference to establish or maintain a policy, practice or custom to ignore bankruptcy filings in the accounting of sewer bill payments, let alone any allegations (1) describing the policy, practice or custom, or (2) how such policy specifically constituted deliberate indifference to the civil rights of Retzler and Warden.

### C. Claims Against the Attorney Defendants

While Courts have repeatedly held that an attorney does not act under color of state law simply by virtue of acting as an attorney or solicitor on behalf of a municipal entity, *see, e.g., Angelico v. Lehigh Valley Hosp.*, 184 F.3d 268, 277 (3d Cir. 1999); *Anderson v. Perhacs*, Civ. A. No. 11-289, 2013 WL 1336124, at *4 (W.D. Pa. Mar. 29, 2013); *Spradlin v. Borough of Danville*, Civ. A. No. 02-2237, 2005 WL 3320788, at *3 (M.D. Pa. Dec. 7, 2005), "there are three exceptional circumstances in which an attorney may become a state actor: (1) by acting as a state official, (2) by conspiring with a state official to deprive a person of his or her constitutional rights, or (3) by engaging in some action that is by its nature, chargeable to the state." *Willis v. Carroll Twp.*, Civ. A. No. 07-949, 2008 WL 644762, at *5 (M.D. Pa. Mar. 5, 2008) (internal citations and quotation marks omitted). In contrast, where the attorney is engaging in the rendering of advice to a municipal client, drafting legal documents, or otherwise engages in litigation or equivalent legal activities, he or she will generally not be subject to liability as a state actor. *Angelico*, 184 F.3d at 276-78; *Willis*, 2008 WL 644762, at *5-6. In

short, only "[w]hen a municipality's attorney goes beyond the traditional attorney-client relationship, she may become a state actor." *Belkowski v. Kruczek*, Civ. A. No. 09-1549, 2010 WL 1433099, at *3 (W.D. Pa. Apr. 7, 2010) (citing *Frompovicz v. Twp. of S. Mannheim*, Civ. A. No. 06-2120, 2007 WL 2908292, at *8 (M.D. Pa. Oct. 4, 2007) (plaintiff stated a viable § 1983 claim against an attorney who goes beyond making recommendations and decides official government policies); *Willis*, 2008 WL 644762, at *6 (characterizing *Frompovicz* as "holding that a township solicitor acted under color of state law when he exercised policy-making authority")).

The claims[6] against Adam Flager, Randall Flager and Flager Associates are based upon their representation of Bristol Township, specifically, their "appov[al] of the legalities" of the crediting of sewer payments while ignoring the fact that a bankruptcy petition had been filed. (ECF No. 4 at 1, 11.) Portnoff Law Associates and Robert P. Daday allegedly ignored the petition and instituted sheriff's sale proceedings against Retzler and Warden while representing Bristol Township. (*Id.* at 10-11, 15-16.) Adam Flager, Randall Flager, Michelle Portnoff, Robert P. Daday, Diane M. Boehret, James R. Wood, Flager Associates and Portnoff Law Associates are also alleged to have committed "acts of extortion," "acts of theft by deception," and engaged in a conspiracy against Retzler and Warden "since 2015 to present" to take their property through a sheriff's sale (*id.* at 16-18). Finally, Adam Flager and Attorney Michael S. Levin allegedly made lewd comments about Retzler as a result of his speaking at a public meeting. (*Id.* at 20.) None of these claims are plausible.

---

[6] The Attorney Defendants are also cited by "number" in numerous paragraphs of the TAC where they are not mentioned by name. As already noted, such claims must be dismissed under § 1915(e)(2)(B).

11

The allegation that Adam Flager and Michael S. Levin allegedly made lewd comments about Retzler as a result of his speaking at a public meeting fails to state a plausible First Amendment claim. To state a plausible civil rights claim for First Amendment retaliation, a plaintiff must allege: "(1) constitutionally protected conduct, (2) a retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). To allege the requisite causal link for a retaliation claim, the plaintiff must typically allege either an unusually suggestive temporal proximity between the protected First Amendment conduct and the allegedly retaliatory action, or a pattern of antagonism coupled with timing. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) ("After all, if there was not a causal relationship then the District could not have engaged in its conduct in retaliation for appellants having engaged in a protected activity."); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir.1997) ("[T]he mere fact that adverse employment action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events"). While speaking at a public meeting is unquestionably protected conduct, Retzler and Warden fail to allege retaliatory action, let alone action that would be sufficient to deter a person of ordinary firmness from exercising his constitutional rights and that was temporally suggestive of retaliation.

The allegations of civil rights violations based on extortion, theft by deception and conspiracy against the Attorney Defendants are wholly conclusory and do not allege plausible claims. *Iqbal*, 556 U.S. at 678. The allegations concerning the acts undertaken by the Attorney Defendants in dealing with the crediting of sewer payments, the institution of legal proceedings to collect those payments, and their advice concerning the impact of the bankruptcy code's

automatic stay provisions on the Township's collection activities, were all undertaken by them in their capacities as lawyers advising and representing of Bristol Township. As such, they were not acting under color of state law when performing these functions. *Angelico*, 184 F.3d at 276-78; *Willis*, 2008 WL 644762, at *5-6. Other than the insufficient conclusory assertions, nothing Retzler and Warden describe shows that the attorneys representing Bristol Township went beyond the traditional attorney-client relationship. Accordingly, the claims against them are not plausible.

### D. Claims Permitted to Proceed

The claim that Defendant Phillips violated Retzler's and Warden civil rights by ignoring the fact that Retzler had filed a bankruptcy petition, thereby increasing their liability for unpaid sewer bills, while refusing to properly credit payments forwarded to Bristol Township by the bankruptcy trustee, all in an effort to maximize the outstanding attorney fees, filing fees and late fees chargeable to Retzler and Warden, is deemed sufficient for purposes of § 1915 screening. Only Defendant Phillips will be required to file a response to the TAC.

## IV. CONCLUSION

For the reasons provided, the § 1983 claims against William McCauley III, Adam Flager, Randall Flager, Bristol Township Sewer Department, Portnoff Law Associates, John Doe #1, John Doe #2, Bristol Township, Patrick Antonello, Craig Bowen, Cynthia Murphy, Joseph Glasson, John Monahan, Raymond Blalock, Maryanne Wagner, Michelle Portnoff, Robert P. Daday, Diane M. Boehret, James R. Wood, Michael S. Levin, Flager Associates, and Russel P. Sacco are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having already permitted Retzler and Warden to amend their pleadings, and as it appears that further amendment would be futile,

13

the dismissal of these Defendants will be with prejudice. Only Retzler's and Warden's claim against Phillips will be permitted to proceed at this time. An appropriate Order follows.

**BY THE COURT:**

**Berle M. Schiller, J.**